1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

BITA TRADING, INC.,

CASE NO. 13cv1548 JM(WVG)

11

Plaintiff,

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT; DENYING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

12

vs.

13

NATIONWIDE MUTUAL
INSURANCE COMPANY; ALLIED
INSURANCE,

14
15

Defendants.

16
17

    Plaintiff Bita Trading, Inc. ("Bita") moves for partial summary judgment on its

18

insurance coverage claim.   Defendant Nationwide Mutual Insurance Company

19

("Nationwide"), also erroneously sued as Allied Insurance, seeks a declaration that

20

there is no property coverage under the contract of insurance at issue.  All motions are

21

opposed.  For the reasons set forth below, the court grants Nationwide's motion for

22

summary judgment and denies Bita's partial motion for summary judgment. The Clerk

23

of Court is instructed to enter judgment in favor of Defendants, and against Plaintiff,

24

on all claims and to close the file

25

**BACKGROUND**

26

    On May 24, 2013, Bita commenced this action in the California Superior Court,

27

County of San Diego, by filing a form complaint alleging a single cause of action for

28

breach of an insurance contract.  On July 2, 2013, Nationwide removed the action to

1   this court based upon diversity jurisdiction.  (Ct. Dkt. 1).

2          The following evidentiary facts are not disputed.

3          <u>The Ground Lease</u>

4          Bita owns real property located on Mira Mesa Boulevard in San Diego,

5   California.  Effective August 1, 2005, Bita entered into a Ground Lease with Sorrento

6   Mesa Hand Car Wash & Spa, Inc. ("Sorrento") for the construction and operation of

7   a car wash and related facilities.  The Ground Lease obligated Sorrento to maintain

8   builder's risk, property, liability, and business interruption insurance after the

9   completion of the improvements.  The lease also provided that Sorrento would

10   designate Bita as an additional insured under the policies.

11          Bita and Sorrento became involved in a dispute over the property.  On May 25,

12   2012, the Superior Court of San Diego County terminated the lease, awarded monetary

13   relief to Bita, and restored possession to Bita.[1]  Bita asserts that Sorrento caused

14   damage to the property in the amount of $750,000.  (Sheena Decl. ¶7).  Bita also

15   represents that only the car wash portion of the business opened on June 1, 2013, and

16   that the remaining portions of the operations, consisting of a convenience store, office

17   and oil change facility, have not been fully repaired and have not been fully placed in

18   service.  Bita also seeks to recover business interruption losses under the Sorrento

19   insurance contract.

20          <u>The Sorrento Policy</u>

21          Nationwide issued policy No. ACP BPA 7824416814 to Sorrento for the period

22   from March 22, 2012 through March 22, 2013.  The policy consists of a Declarations

23   sections followed by two major sections: a 39-page Premier Businessowners Property

24   Coverage Form (The "Property Form"), setting forth the first party property coverage

25   and a 22-page Premier Businessowners Liability Coverage Form (the "Liability

26   Form"), setting forth the third party individual liability coverage.  (Nationwide Exh.

27

28

---

[1] On June 29, 2012, the Sheriff restored possession to Bita.

1).[2]

The original Property Declarations page listed Sorrento as the only insured. (NW 00005, 00009).  The Property Form also provided that certain payments would be made to mortgagees of the property.  These entities are also listed as additional insureds.  (NW 000010).   The Property Form also provided coverage for the loss of business income.

The Liability Form provides liability insurance coverage for those sums the "insured becomes legally obligated to pay as damages because of 'bodily damages' or 'property damages' to which this insurance applies. . . ." (NW 000058).  The Liability Form also extends insurance coverage for several categories of "Automatic Additional Insured."  One entity is "Managers or Lessors of Leased Premises" which provides, in pertinent part:

> e. Managers or Lessors of Leased Premises
>
> Any person or organization from whom you lease premises is an additional insured, but only with respect to their liability arising out of your use of that part of the premises leased to you, subject to the following additional exclusion:
>
> This insurance, including any duty we have to defend "suits," does not apply to structural alterations, new construction or demolition operations performed by or for such person or organization.
>
> HOWEVER, their status as additional insured under this policy ends when you cease to be a tenant of such premises.

(NW000072).  For purposes of liability coverage, Bita, as the lessor of the property, was automatically an additional insured under this provision.

Effective for the policy period at issue, Nationwide provided Bita, and its owner, Hosssien Javanfar, with an acknowledgment, on Form PBA102, of their "status as an

---

[2] Bita objects to the insurance contract submitted by Nationwide as Exhibit 1. Bita contends that the exhibit is not authentic for purposes of FRE 901.  The court overrules this objection.  The declaration of Lisa Sotelo states that she is an authorized representative of Nationwide, she reviewed the policy, states that the records are kept in the normal course of business, and that the exhibit is a true and correct copy. Nothing more is required to authenticate the exhibit.  The court also accepts Bita's Exhibit C, page 17, a change of declaration endorsement, as an authenticated part of the insurance contract because this document is also authenticated by Ms. Sotelo.

1   additional insured under, . . . , the policy issued" to Sorrento.  The acknowledgment

2   noted that the Liability Form provided:

3         Any of the following persons or organizations are automatically insured
        when you [i.e. the Named Insured stated below] and such person or
4         organization have agreed in a written contract or agreement that such
        person or organization be added as an additional insured on your policy
5         providing general liability coverage.

6         Managers or Lessors of Leased Premises

7         Any person or organization from whom you lease premises is an
        additional insured, but only with respect to their liability arising out of
8         that part of the premises leased to you, subject to the following additional
        exclusion:
9
        This insurance, including any duty we have to defend "suits," does not
10        apply to structural alterations, new construction or demolition operations
        performed by or for such person or organization.
11
        HOWEVER, their status as additional insured under this policy ends
12        when you cease to be a tenant of such premises.

13   (NW000111).

14       Two other documents are pertinent to Bita's claim that it was an additional

15   insured under the Sorrento policy.  The first document is a Certificate of Insurance.

16   The second, the Change of Declarations Endorsement page, in a subheading entitled

17   "Additional Insured," noted that Hossien Javanfar and Bita were added as additional

18   insureds for no extra premium.  (Bita Exh. C at p.17).  This section of the Change of

19   Declarations Endorsement page also specifically incorporated Form PBA102, the form

20   that specified that the additional insureds were covered for purposes of the Liability

21   Form only.  On the same page of the Change of Declarations Endorsement, and

22   separated by a line of asterisks, the form stated "Mortgagee or Loss Payee."  This

23   section identified the mortgagee, Pacific Western Bank, the same mortgagee identified

24   in the Property Form.

25       Bita moves for partial summary judgment by arguing that it is an additional

26   insured under the Property Form.[3]  Bita also argues that it is covered under the Property

27   Form for business interruption losses but that summary judgment is inappropriate on

28
    _____

        [3] There is no dispute that Bita is an additional insured under the Liability Form.

- 4 -

this claim because the total amount of business income loss is on-going and therefore an unknown amount.  Nationwide opposes Bita's motion and argues that it is entitled to summary judgment because Bita is not an additional insured for purposes of the Property Form.

### DISCUSSION

**Legal Standards**

Motion for Summary Judgment Standards

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th Cir. 2005).  The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original).  The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (citation omitted).  The opposing party also may not rely solely on conclusory allegations unsupported by factual data.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party.  United States  v. Diebold, Inc., 369 U.S. 654, 655 (1962).  Any doubt as to the existence of any issue of material fact requires denial of the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  On a motion for summary judgment, when "'the moving party bears the burden of proof at trial, it must come forward with evidence  which  would  entitle  it  to  a  directed  verdict  if  the  evidence  were

uncontroverted at trial.'"  Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting  International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992)).

General Insurance Law Principles

Ordinary rules of contract interpretation apply to insurance contracts.  "The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties.  If the contractual language is clear and explicit, it governs."  Bank of West v. Superior Court (Industrial Indemnity Co.), 2 Cal. 4th 1254 (1992).  Where exclusions are clear, plain, and conspicuous, they will be enforced.  Malcolm v. Farmers New World Life Ins. Co., 4 Cal.App.4th 296, 3045 (1992).

**The Property Form**

Bita argues that it was an additional insured under the Sorrento policy because (1) the Ground Lease with Sorrento required Sorrento to insure Bita against losses caused by property damage and business interruption; (2) the Certificate of Insurance evidences its status as an additional insured under the Property Form; and (3) the Change of Declarations Endorsement evidences coverage under the Property Form. Each is discussed in turn.

The Ground Lease

Bita argues that the Ground Lease required Sorrento to maintain builder's risk insurance as well as property, liability, and business interruption insurance. (Bita Exh. A).  While this fact is undisputed, it has no bearing on whether Bita is an additional insured for purposes of the Property Form.  Whether Bita is an additional insured depends on the insurance contract, and not the Ground Lease.

In sum, the ground lease is not relevant to Bita's breach of the Property Form and its claim against Nationwide.

The Certificate of Insurance

Sorrento's insurance broker, Kennedy Insurance Agency, Inc., provided Bita with a Certificate of Insurance.  The Certificate of Insurance states, in the Description

of Operations/ Locations/ Vehicles section:

> Certificate holder (identified as Hossien Javanfar - Bita Trading Co.) is named as additional insured (land owner) with respect to building, business personal property and general liability in accordance with loan #18755681 with Pacific Western Bank.

(Bita Exh. D).  The first provision on the Certificate of Insurance states:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

Id.   Furthermore, the Certificate provides "If the certificate holder (Bita) is an ADDITIONAL INSURED, the policy(ies) must be endorsed."  Id.

Moreover, California law provides that certificates of insurance may not alter the terms of an insurance contract.  Insurance Code section 384(a) provides, in pertinent part:

> A certificate of insurance or verification of insurance provided as evidence of insurance in lieu of an actual copy of the insurance policy shall contain the following statements or words to the effect of:
> This certificate or verification of insurance is not an insurance policy and does not amend, extend or alter the coverage afforded by the policies listed herein. Notwithstanding any requirement, term, or condition of any contract or other document with respect to which this certificate or verification of insurance may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of the policies.

In light of the plain language of the Certificate of Insurance and Cal. Ins. Code §384(a), the Certificate of Insurance confers no rights to Bita that are not contained in the Sorrento policy issued by Nationwide.  See Pardee Construction Co. v. Insurance Co. of the West, 77 Cal.App.4th 1340, 1347 n.2 (2000) (a certificate of insurance is not a contract between the insurer and the certificate holder).  As Bita is not identified as an additional insured for purposes of the Property Form, as more fully discussed below, the Certificate of Insurance does not support Bita's arugment that it is an additional insured under the Sorrento policy.

Bita argues that American Casualty Co. of Reading, PA v. Krieger, 181 F.3d

1113 (9th Cir. 1999), supports its position that the Certificate of Insurance evidences its status as an additional insured for all purposes under the policy. <u>Krieger</u> is distinguishable in at least two ways. First, the Certificate of Insurance at issue in <u>Kreiger</u> apparently did not contain two specific advisements contained in the Certificate at issue here: "THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER" and "If the certificate holder (Bita) is an ADDITIONAL INSURED, the policy(ies) must be endorsed." As set forth below, the endorsement transmitted with the Certificate was accompanied by form PBA102, specifically limiting Bita's status as an additional insured for purposes of liability coverage only. Second, the relevant issue with respect to the certificate of insurance in <u>Kreiger</u> dealt with agency principles, an argument not raised by Bita herein.

In sum, the Certificate of Insurance does not support Bita's breach of contract claims against Nationwide.

<u>The Policy</u>

Here, the Property Form recognizes Sorrento as the insured, and no other party. The only insured party, as identified in the policy, is Sorrento. (NW000005). Similarly, the schedule of named insureds only identifies Sorrento. (NW000006). Additional insureds include mortgagees that are listed as additional insureds under the policy. (NW000010). Sorrento is not listed as a mortgagee. The only other issue is whether there is another contractual basis or ambiguity to find that Bita is an additional insured for purposes of the Property Form.[4]

Bita claims that the Change of Declarations Endorsement supports its claim that it is an insured for purposes of the Property Form. (Bita Exh. C p.17). The Change of Declarations Endorsement is divided into two sections. The first section, with a

---

[4] The parties do not dispute that Bita is an additional insured for purposes of the Liability Form. The Liability declarations page identifies Managers or Lessors, like Bita, as automatic additional insureds. (NW000011, 0000111).

subheading entitled "Additional Insured," identifies Hossien Javanfar - Bita and specifically adds Form PBA102. Form PBA102 accompanied the Change of Declarations Endorsement and clearly and unambiguously states that Bita is an additional insured for purposes of the Liability Form.[5]

The second portion of the Change of Declarations Endorsement, separated by a line of asterisks with a subheading entitled "Mortgagee or Payee," identifies the mortgagee as Pacific Western Bank, Inc. Id. This is the same lender identified on the Property declarations. Seen in context of the insurance contract and the documents comprising the Change of Declarations Endorsement and the Acknowledgment of Insured Status Form (PBA102), the policy and its provisions are not ambiguous because Bita's proposed construction is simply not a reasonable one. See Bay Cities Paving and Grading, Inc. v. Lawyers Mutual Ins. Co., 5 Cal.4th 854, 867 (1993) ("A policy provision will be considered ambiguous only when it is capable of two or more constructions, both of which are reasonable."). The only reasonable interpretation is that Bita is an additional insured for purposes of the Liability Form, but not the

---

[5] Form PBA102 provides that Bita is an additional insured for purposes of the Liability Form:

> Any of the following persons or organizations are automatically insureds when you [i.e. the Named Insured stated below] and such person or organization have agreed in a written contract or agreement that such person or organization be added as an additional insured on your policy providing general liability coverage.
>
> Managers or Lessors of Leased Premises
>
> Any person or organization from whom you lease premises is an additional insured, but only with respect to their liability arising out of that part of the premises leased to you, subject to the following additional exclusion:
>
> This insurance, including any duty we have to defend "suits," does not apply to structural alterations, new construction or demolition operations performed by or for such person or organization.
>
> HOWEVER, their status as additional insured under this policy ends when you cease to be a tenant of such premises.

(NW000111).

1   Property Form.

2      Bita appears to argue that the court should begin and end its analysis of the
3   Change of Declarations Endorsement upon encountering the words "Additional
4   Insured."  This narrow view runs counter to rules of contract interpretation.  "While
5   insurance contracts have special features, they are still contracts to which the ordinary
6   rules of contractual interpretation apply."  Bank of the West v. Superior Court, 2
7   Cal.4th 1254, 1264 (1992).  "The rules governing policy interpretation require us to
8   look first to the language of the contract ... to ascertain its plain meaning or the
9   meaning a layperson would ordinarily attach to it."  Waller v. Truck Ins. Exchange,
10  Inc.,11 Cal.4th 1, 18 (1995).  "[L]anguage in a contract must be construed in the
11  context of that instrument as a whole, and in the circumstances of that case, and cannot
12  be found to be ambiguous in the abstract."  Bank of the West, 2 Cal.4th at 1265.  Here,
13  in the Change of Declarations Endorsement under the heading "Additional Insured,"
14  the document states "Added" and identifies Bita, Hossien Javanfar, and PBA102.
15  Viewing this language in context of the Change of Declarations Endorsement section
16  in which it appears, and the insurance contract as a whole, the only reasonable
17  interpretation is that Bita is an additional insured for purposes of the Liability Form,
18  but not the Property Form.  The court concludes that the Change of Declarations
19  Endorsement is not reasonably susceptible to Bita's proferred interpretation and
20  therefore not legally ambiguous.  This is particularly true in light of the parties' relative
21  sophistication.  See AIU Ins. Co. v. Superior Court, 51 Cal.3d 807, 823 (1990) (in
22  insurance policy disputes involving sophisticated parties, noting that the court need not
23  construe the policy as may be understood by a layperson).

24     At the time of oral argument, Bita argued that Lee v. Fidelity National Title Ins.
25  Co., 188 Cal.App.4th 853 (2010) supports its view that the insurance documents are
26  sufficiently ambiguous such that it is insured for all property and liability losses.  In
27  Lee, the plaintiffs purchased property in 1990 that was identified by two tax assessor
28  parcel numbers.  Fidelity issued a preliminary report that "referred repeatedly to both

assessor parcels, and included a legal description of the property to be insured." Id. at 751.  Further, the preliminary report identified both parcel numbers as the property address and unpaid taxes on both properties.  The plaintiffs paid property taxes on both properties.  While the parcel number references were not incorporated into the policy, "the policy attached a map; depicting the two parcels."  In 2006 plaintiffs learned from the county assessor that the legal description in the title insurance was correct but that the plaintiffs only owned one of the two parcels contrary to the preliminary report.  The county assessor also represented that it had erroneously assessed the taxes for both parcels on plaintiffs.  When plaintiffs made a claims against Fidelity, it denied coverage on the ground that the legal description in the title insurance policy was correct.  The appellate court noted that the metes and bounds legal description, although correct, was one that "required professional training to decipher." Id.  Noting that an insured "can rely on a preliminary [title] report to reflect the scope of the coverage being offered," id. at 596, and noting the repeated references to both parcel numbers as the property description in the preliminary report, the court found plaintiffs had an "objectively reasonable expectation" of coverage.  Id. at 597.  The court then determined that "the legal description here is ambiguous only because of the circumstances under which the policy was issued, which involve a preliminary report that could be reasonably construed as an offer to insure property located outside the land described." Id. at 598.  The appellate court then reversed the trial court's grant of summary judgment in favor of the insurer.

Here, unlike Lee, Bita cannot identify circumstances warranting a determination that the insurance documents are reasonably ambiguous.  The ordinary sense of the policy and the Change of Endorsement Declaration, including the incorporation of PBA102 into the Declaration, reveal that Bita is an additional insured for purposes of liability coverage, but not property coverage.  Bita's proposed construction, in light of the clear and explicit meaning of the insurance policy provisions, is not a reasonable one.

1    In sum, the court concludes that the Property Form does not provide coverage

2 for the property losses (and business interruption losses) suffered by Bita because it is

3 not an additional insured under the Property Form.  Accordingly, the court grants

4 summary judgment in favor of Defendant Nationwide and against Plaintiff Bita on the

5 claim alleged in the complaint.  The Clerk of Court is instructed to enter judgment and

6 to close the file.

7    **IT IS SO ORDERED.**

8 DATED:  January 6, 2014

9 _____

   Hon. Jeffrey T. Miller
10 United States District Judge

11

cc:        All parties

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

13cv1548