UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITA TRADING, INC.,<br><br>             Plaintiff,<br>v.<br>NATIONWIDE MUTUAL<br>INSURANCE COMPANY, *et al.*,<br><br>             Defendants. | Civil No. 13-CV-1548-JM (WVG)<br><br>ORDER FOLLOWING<br>DISCOVERY HEARING |

## I. <u>INTRODUCTION</u>

### A. <u>BACKGROUND</u>

Plaintiff Bita Trading, Inc. ("Plaintiff") alleges that Defendant Nationwide Mutual Insurance Company ("Defendant Nationwide") breached an insurance policy by denying Plaintiff's claim related to a loss that occurred at a car wash property. On August 22, 2013, after an August 21, 2014, ENE Conference, the Court set a schedule for the parties to file cross-Motions for Summary Judgment ("MSJs"). (Doc. No. 11.) On September 19, 2013, Plaintiff lodged a letter with the Court, requesting a modification of the Order After ENE Conference to allow additional discovery, and to continue the date for filing an MSJ. On September 23, 2013, at the Court's request, Defendants lodged a letter in response to Plaintiff's request. In their response, Defendants objected to Plaintiff's request for an

extension of time to file cross-MSJs. On October 1, 2013, this Court denied Plaintiff's request as set forth in the September 19, 2013, letter brief. (Doc. No. 13.)

On January 6, 2014, the Honorable Jeffrey T. Miller, United States District Judge, issued an Order Granting Defendants' MSJ, and Denying Plaintiff's MSJ. (Doc. No. 25.) Judge Miller concluded that the Property Form did not provide coverage for the property losses and business interruption losses suffered by Plaintiff because it was not an additional insured under the Property Form. Id. at 12. As a result of Judge Miller's rulings, this case was closed on January 7, 2014. (Doc. No. 26.)

On January 13, 2014, Plaintiff filed a Motion to Vacate the Judgment and for Reconsideration of Judge Miller's Order Granting Defendants' MSJ. (Doc. No. 27.) In its Motion, Plaintiff argued that Defendants' MSJ was really a partial MSJ because the only relief sought was a coverage determination under the Sorrento policy, and the Bita policy was the subject of the first cause of action in the Complaint. Id. at 2. Plaintiff also sought reconsideration of the grant of partial summary judgment on the Sorrento policy. Id. at 3.

On March 4, 2014, Judge Miller Granted in Part and Denied in Part Plaintiff's Motion for Reconsideration. (Doc. No. 32.) In his Order, Judge Miller noted that Defendant specifically acknowledged that the Court's Order on the MSJs dealt only with the Sorrento policy, and not the Bita policy. Id. at 1. Both parties agreed that there were outstanding issues concerning the Bita policy, and the Court granted reconsideration on that claim and vacated the Clerk's judgment. Id. However, the Court found that Plaintiff failed to identify any newly discovered evidence, clear error, or an intervening change in controlling law, and therefore denied Plaintiff's motion for reconsideration concerning the Sorrento policy. Id. at 2.

### B. INSTANT DISPUTES

On July 9, 2014, Plaintiff notified this Court of a discovery dispute, and on July 10, 2014, this Court held a telephonic Discovery Conference with counsel for all parties. The Court ordered that, by July 18, 2014, Defendant Nationwide must respond to Plaintiff's discovery requests that were served on June 30, 2014. (Doc. No. 41.) On July 22, 2014,

Plaintiff's counsel informed the Court that the discovery dispute had not been resolved. On July 23, 2014, the Court issued an Order for counsel to meet and confer in person no later than July 25, 2014, in an attempt to resolve the ongoing dispute regarding Defendant Nationwide's discovery responses. (Doc. No. 42.)

On July 23, 2014, Defense counsel informed the Court of another discovery dispute. On July 24, 2014, the Court Ordered the parties to meet and confer in good faith in an attempt to resolve both of the pending discovery disputes. (Doc. No. 43.) The Court Ordered the parties to file a Joint Statement for Determination of Discovery Dispute ("Joint Statement") no later than August 1, 2014, at 12:00 p.m., and set a Discovery Hearing for August 7, 2014, at 7:30 a.m., if any disputes remained after in person good faith meet and confer efforts. Id.

On July 31, 2014, Plaintiff filed a Second Motion for Relief from Order Granting Summary Judgment based on newly discovered evidence. (Doc. No. 44.) In its Motion, Plaintiff alleged that, in granting Defendants' MSJ, the Court found that the policy did not cover Plaintiff for property damage even though the certificate of insurance issued to Plaintiff by the insurance agent represented that Plaintiff was covered. Id. at 2. Plaintiff claimed that, at the time of the original Motion, it was unaware that the insurance agent twice transmitted this certificate of insurance to Defendant Nationwide with instructions to add three parties, including Plaintiff, to the property damage coverages. Id. Plaintiff also stated that after these instructions, Defendant Nationwide amended the policy to add the two other parties to the property coverage but, according to the newly discovered evidence, mistakenly omitted Plaintiff. Id.

On August 1, 2014, in compliance with this Court's Order, the parties filed a Joint Statement, and represented that counsel for both parties had met and conferred in person regarding both discovery disputes on July 25, 2014. (Doc. No. 45 at 2.) On August 6, 2014, due to circumstances beyond counsel's control, Defense counsel requested to continue the August 7, 2014, Discovery Hearing. (Doc. No. 46.) The Court granted Defense counsel's

request, and the August 7, 2014, Discovery Hearing was vacated. (Doc. No. 47.) The Discovery Hearing was reset for August 12, 2014, at 3:00 p.m. Id.

On August 12, 2014, at 3:00 p.m., the Court held a Discovery Hearing. Mr. Matthew Herron appeared on behalf of Plaintiff, and Mr. Roger Raphael appeared on behalf of Defendants. After reviewing the Joint Statement filed by the parties, along with all other relevant documents filed in this case, and listening to the arguments presented by both parties during the Discovery Hearing, the Court issues the rulings below.

## II. DISPUTE NO. 1

Plaintiff argues that Defendant Nationwide's Responses to Plaintiff's Requests for Production of Documents ("RFPs") and Special Interrogatories ("ROGs") are insufficient.

### A. PLAINTIFF'S ARGUMENT

Plaintiff argues that Defendant's response to its RFPs and Special ROGs are evasive, laden with objections, and fail to respond to the basic question of whether the insurance agent instructed Defendant Nationwide to add Plaintiff as an insured under the property damage coverages. (Doc. No. 45 at 2.) Plaintiff argues that discovery that it received from Defendant shows that Defendant's failure to add Plaintiff to the insurance coverage was the result of Defendant's own clerical error, and that Defendant Nationwide's failure to disclose its error only came to light as a result of discovery taken in a case against the agent. Id. at 4. Plaintiff contends that Defendant's underwriting file proves that the agent instructed Defendant Nationwide to add Plaintiff to the property damage coverage, providing the reason to do so, and the certificate of insurance which confirmed this coverage. Id.

Plaintiff argues that, nearly a year ago, Defendant Nationwide vigorously opposed Plaintiff's request for discovery into the formation of the policy. (Doc. No. 45 at 4.) Plaintiff notes that the Court accepted Defendant's representations about the lack of any issue on that subject matter, and sustained Defendant's objection, and that Defendant Nationwide was allowed to conceal the fact that it was denying coverage because of its own clerical error in the policy endorsements. Id.

Plaintiff now seeks remedies for the alleged delay, expense, and waste of judicial resources caused by litigating a case over a policy which it argues only omitted Plaintiff for coverage because of Defendant's own mistake. (Doc. No. 45 at 4.) However, Plaintiff notes in the Joint Statement that "[t]his would probably be best addressed after the Court rules on the motion for reconsideration." Id. at 4-5.

### B. DEFENDANT'S ARGUMENT

Defendant agrees with Plaintiff's statement that its concerns would best be addressed at a later date. (Doc. No. 45 at 5.) Defendant contends that none of Plaintiff's grievances are properly before the Court, as they do not constitute discovery disputes. Id. Defendant also disputes Plaintiff's allegation that it concealed information from Plaintiff or the Court. Id. at 6.

Further, Defendant argues that Plaintiff's position is based on a mistaken interpretation of the facts. (Doc. No. 45 at 5.) Defendant states that a request to add an additional insured is dramatically different from a request to add Plaintiff as a loss payee for property coverage under the Sorrento Policy. Id. Defendant argues that the newly discovered information changes nothing about the issues already briefed and decided. Id. at 6.

### C. RULING

The Court agrees with both parties that the issue of remedies for an alleged delay, expense, and waste of judicial resources is best addressed after Judge Miller issues a ruling on Plaintiff's pending motion for reconsideration. Therefore, the Court will take this matter under advisement, pending a ruling by Judge Miller on Plaintiff's Second Motion for Relief from Order Granting Summary Judgment based on newly discovered evidence. (Doc. No. 44.) Plaintiff's counsel shall contact the Court within two business days of a ruling by Judge Miller.

### III. DISPUTE NO. 2

Defendant Nationwide requests that the fact discovery deadline be continued by 90 days, and requests that the Court Order Plaintiff to identify previously undisclosed witnesses.

## A. **DEFENDANT'S ARGUMENT**

Defendant Nationwide requests that (1) Plaintiff join in a motion to continue the discovery cut-off date by 90 days;[1] and (2) that Plaintiff identify, by providing names and addresses, the witnesses who performed work and/or repairs at the subject property.

On April 15, 2014, Plaintiff served its initial disclosures. (Doc. No. 45 at 7.) Defendant argues that the information provided in Plaintiff's initial disclosures was inaccurate, and that Plaintiff misidentified its witnesses. Id. at 3. Defendant states that Plaintiff's claimed damages allegedly arose out of repairs performed in order to restore the property to its pre-loss condition. Id. at 7. Defendant argues that Plaintiff identified several individuals in its initial disclosures that did not actually provide the repair work or services as represented by Plaintiff. Id. at 7-8.

Defendant claims that it relied upon Plaintiff's initial disclosures in serving subpoenas on witnesses and conducting depositions, and that, over the past month, Defendant deposed each of the individuals/entities listed in Plaintiff's initial disclosures and learned that none of them provided the work and/or services as represented by Plaintiff. (Doc. No. 45 at 8.) Defendant argues that Plaintiff's inaccuracies and omissions led Defendant to expend substantial resources deposing witnesses who had no knowledge of the repair work. Id. at 7.

Defendant contends that partial corrected information was not provided until the afternoon of July 9, 2014, when Plaintiff served a "First Supplement to Initial Disclosure Statement." (Doc. No. 45 at 8.) Defendant argues that this was the first time it received 279 pages of the actual records of the work and/or repairs performed at the subject property. Id. Defendant asserts that Plaintiff's Supplement identified numerous companies and/or individuals who had never previously been disclosed by Plaintiff, and that all of the documents pre-dated the April 15, 2014, initial disclosure date. Defendant also contends that Plaintiff's Supplement does not identify many of the relevant companies and/or individuals

---

[1] At the time of the Discovery Hearing, the fact discovery deadline was set for August 15, 2014. (Doc. No. 38 at 2.)

1  in sufficient detail to enable it to subpoena them for deposition, and to date, Plaintiff has
2  failed to provide a useable list of names and contact information for those persons/entities
3  who actually performed work/repairs at the subject property. Id.
4     Defendant has identified at least seven individuals that were not identified in
5  Plaintiff's initial disclosures from whom it intends to take a deposition and request
6  documents. (Doc. No. 45 at 8-9.) Defendant seeks a 90 day continuance of the fact
7  discovery deadline, and identification of previously undisclosed witnesses so that it can
8  depose the witnesses who were disclosed on July 9, 2014. Id. at 9.
9     Further, Defendant argues that, by signing the initial disclosures, Plaintiff's counsel
10 was certifying that the disclosures were "complete and correct as of the time [they were]
11 made." (Doc. No. 45 at 10.) Thus, Defendant seeks evidentiary and monetary sanctions
12 against Plaintiff. Id.
13 **B. PLAINTIFF'S ARGUMENT**
14    Plaintiff argues that there is no basis to extend the fact discovery deadline. (Doc. No.
15 45 at 10.) Further, Plaintiff asserts that Defendant conducted the depositions after being
16 fully informed that the contractors listed in Plaintiff's initial disclosures did not perform the
17 repair work. Id.
18    Plaintiff notes that its initial disclosures omitted the phrase "an estimate" for the
19 particular item of work so that the description of the witnesses' testimony would be better
20 stated if it indicated the contractor "provided an estimate for [the particular area] as listed in
21 the proof of loss." (Doc. No. 45 at 10.) Plaintiff argues that this omission is implicit in the
22 description because the proof of loss is itself an estimate and does not reflect any actual
23 repair work. Id. at 10-11.
24    Plaintiff contends that, on July 3, 2014, Plaintiff's counsel made clear to Defense
25 counsel that the tenant repaired the property and used its own resources to do so. (Doc. No.
26 45 at 11.) Plaintiff notes that Defense counsel attended the tenant's representative's
27 deposition on July 11, 2014, where the witness described in detail the work the tenant
28 performed or supervised. Id. Plaintiff asserts that the deposition covered each item of the

cost of repair and all of the supporting documents which the tenant had assembled. Id. However, Plaintiff argues, knowing full well that the tenant repaired the property and the contractors had only provided estimates used for the proof of loss, Defendant still took the contractors' depositions the following week. Id. Plaintiff argues that Defendant already knew that these depositions would be of limited utility. Id.

Plaintiff notes that it requested that Defendant simply notice the depositions which it wanted to take before the discovery deadline, and Plaintiff offered to agree to extend that date on a witness-by-witness basis if for some reason a particular deposition could not be taken as scheduled. (Doc. No. 45 at 11.) However, Plaintiff contends that Defendant instead decided to bring this request to the Court. Id. Plaintiff argues that Defendant still has not identified: (a) what witnesses it wants to depose; (b) how those witnesses might relate to the issues in the case not earlier explained by the tenant's representative; or (c) why the depositions could not be taken before the discovery cut off. Id. at 11-12.

### C. RULING

Defendant Nationwide's request to extend the fact discovery deadline is GRANTED IN PART and DENIED IN PART. Defendant Nationwide seeks to extend the fact discovery deadline by 90 days from August 15, 2014. However, Defendant Nationwide received the partial corrected witness information from Plaintiff on July 9, 2014. (Doc. No. 45 at 8.) Therefore, Defendant Nationwide was aware of the corrected information for more than 30 days before the Discovery Hearing. Moreover, Defendant Nationwide has identified only seven witnesses to be deposed, with one deposition already scheduled to be taken and another likely to be scheduled in the days following the Discovery Hearing. Given that Defendant Nationwide has had access to the relevant discovery for over a month and was aware that the contractors revealed in Plaintiff's initial disclosures were likely of little benefit, and the relatively few identified witnesses to be deposed, 90 days is simply too much time.

The Court hereby extends the fact discovery deadline for both parties by 60 days, to **October 15, 2014**, solely for the purpose of conducting discovery related to the 279 pages

of documents that were disclosed on July 9, 2014. No party shall be permitted to depose any witnesses that are not related to the 279 pages of documents disclosed on July 9, 2014. All other fact discovery closed on August 15, 2014. (Doc. No. 38 at 2.)

This extension provides Defendant Nationwide with sufficient time to review the 279 pages of documents that it received more than one month ago, and to schedule the remaining depositions. Defendant Nationwide plans to depose approximately seven additional witnesses, although the Court does recognize that it is having some difficulty contacting some of the witnesses. In an effort to quickly schedule the depositions, Plaintiff shall assist Defendant in locating the witnesses that it has identified.

IT IS SO ORDERED.

DATED: August 19, 2014

Hon. William V. Gallo
U.S. Magistrate Judge