# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITA TRADING, INC.,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>NATIONWIDE MUTUAL INSURANCE COMPANY; ALLIED INSURANCE,<br><br>　　　　　　　　　　Defendants. | CASE NO. 13cv1548 JM(WVG)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION |

Plaintiff Bita Trading, Inc. ("Bita") moves for reconsideration of this court's January 6, 2013 Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting Defendant's Motion for Summary Judgment ("Order") and its March 4, 2014 Order Granting in Part and Denying in Part Motion for Reconsideration. Plaintiff seeks reconsideration of the Order based upon asserted newly discovered evidence. Defendant Nationwide Mutual Insurance Company ("Nationwide") opposes the motion.

Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." <u>School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted); Fed.R.Civ.P. 60(b). Bita argues that newly discovered

evidence supports its position that the Sorrento Property Form affords first party property coverage for the damages caused to the real property at issue.[1]

The newly discovered evidence consists of a March 5, 2012 email authored by Lynne Britton at the Kennedy Insurance Agency, Inc. ("Kennedy Insurance"). Attached to the email was a Certificate of Insurance, already considered by the court. (Ct. Dkt. 25 at pp.6:26 - 8:15). The email stated, among other things:

> Hi,
> Please add the following as mortgage and or additional insured - attached are
> certificates of insurance for:
> Advantage CDC - second mortgagee
> Pacific Western Bank - mortgagee and loss payee - loan is inname of Hossien Javanfar
> Hossien Javanfar- is the owner of the building (our insured is responsible for Building coverage)
> Please let me know if you have any questions.

(Bita Exh. I). The focus of Bita is on the statement "Hossien Javanfar- is the owner of the building (our insured is responsible for Building coverage)." This statement about building coverage, absent context, may reasonably be construed to apply to property or liability coverage or both. Bita contends that this statement, standing alone, warrants reformation of the contract between Sorrento and Nationwide.

The court denies the motion for several reasons. First, Bita does not assert a claim for reformation in the complaint and the deadline for filing amended pleadings, July 6, 2014, is long past. (Ct. Dkt. 18). Second, Lisa Gingrich of Kennedy Insurance testified that Bita would become a loss payee (and thus an insured for property damage) "via endorsement" and that no endorsement was ever issued on the Sorrento policy. (Raphael Decl. Exh. A). Moreover, Ms. Gingrich testified that Bita had an insurable interest in the property with respect to the Liability Form, but not the Property Form. In August 2012, Ms. Gingrich informed Bita's attorney that Bita could not be added as a loss payee "because [Bita] did not have an insurable interest." (Raphael Decl. Exh.

---

[1] The court incorporates its prior Order as if fully set forth herein. (Ct. Dkt. 25).

B). Bita's attorney informed Ms. Gingrich that the lease provides Bita with an insurable property interest. The lease, however, is irrelevant to Nationwide's duty to provide coverage under the Property Form. Finally, in order to prevail on a reformation claim, California law permits reformation of a contract "[w]hen, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties." Cal. Civil Code §3399. Here, based upon the evidentiary submissions of the parties, the record fails to give rise to an inference of fraud, mutual mistake (neither Nationwide nor Kennedy Insurance believed that Bita was an insured loss payee under the Property Form), or a mistake by one party which the other party knew or suspected. While Bita now vigorously argues a mistake, there is no showing that any other party knew or suspected that Bita was a loss payee under the Property Form.

In sum, the court denies the second motion for reconsideration.

**IT IS SO ORDERED.**

DATED: November 20, 2014

Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties